[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2527

JOHANNA PINERO-OCANA ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

Rafael A. Oliveras Lopez de Victoria on brief for appellants.
Guillermo Gil, United States Attorney, Miguel A. Fernández and
Isabel Muñoz-Acosta, Assistant United States Attorneys, on brief
for appellee.

May 14, 2002

**Per Curiam**. This is an appeal from an order dismissing a suit brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. The incident giving rise to the underlying litigation — described in the pleadings as a sexual assault perpetrated by a military recruiter on a teenage girl desirous of exploring enlistment opportunities — is nothing short of tragic, and the conduct attributed to the recruiter is unpardonable. The problem, however, is that the FTCA contains an explicit exclusion for "[a]ny claim arising out of assault [or] battery . . . ." Id. § 2680(h). The Supreme Court has described that exclusion as "sweeping," commenting that it not only "bar[s] claims for assault or battery" but also "excludes any claim arising out of assault or battery." United States v. Shearer, 473 U.S. 52, 55 (1985) (emphasis in original). This case falls squarely within Shearer's precedential orbit.

To be sure, the plaintiffs hint at a possible cause of action for breach of some independent governmental duty (such as the duty to train or supervise the lecherous recruiter). But, as the district court persuasively explained, the facts contained in the summary judgment record simply do not sustain any claim of breach. The plaintiffs' effort to bring their case within the doctrinal reach of Faragher v. City of Boca Raton, 524 U.S. 775, 786-92 (1998), also fails; the plaintiffs did not include a "sexual harassment" or "hostile environment" ground in their administrative

-2-

claim under the FTCA, and they have not complied with the antecedent procedural requirements for filing suit under Title VII, 42 U.S.C. §§ 2000e-2000e-17.

We need go no further. Where, as here, a trial judge has astutely taken the measure of a case and has handed down not one, but two, carefully considered decisions, see Piñero-Ocana v. United States, Civ. No. 97-1332 (D.P.R. Sept. 29, 2000) (opinion granting summary judgment); Piñero-Ocana v. United States, Civ. No. 97-1332 (D.P.R. Aug. 9, 2001) (order denying reconsideration), "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996). In this case, it is enough to say that we affirm the judgment below for essentially the reasons elucidated in Chief Judge Laffitte's well-reasoned rescripts. The plaintiffs are, of course, free to pursue their tort claims against the recruiter in a court of competent jurisdiction.

**Affirmed**.  **1st Cir. R. 27(c)**.